### In re PROFESSIONAL HOCKEY ANTITRUST LITIGATION.
### No. 119.

Judicial Panel on Multidistrict Litigation.
Jan. 16, 1973.

———◆———

## OPINION AND ORDER

Before ALFRED P. MURRAH[*], Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

PER CURIAM.

Prior to the formation of the World Hockey Association (WHA) in 1971, the National Hockey League (NHL) was the only major league professional hockey association in North America. Member teams in the WHA successfully induced many players under contract to NHL teams to disregard the so-called "reserve clause" in their 1971–72 Standard Player's Contracts and to sign contracts with WHA teams for the 1972–73 hockey season. As a result, lawsuits were filed by affected NHL clubs to prevent the defendant players from playing for or rendering services to any club except the NHL teams which held their contracts. Additional actions were brought by the WHA and its member clubs against the NHL and its member clubs alleging violations of the federal antitrust laws.

One of the parties involved in the litigation moved the Panel for an order transferring eight actions to a single district for pretrial proceedings. All parties, except plaintiff Nassau Sports, have urged that the actions be consolidated for pretrial proceedings in the

---

[*] Although Judge Alfred P. Murrah was unable to attend the hearing, he has, with the consent of all parties, participated in this decision.

Eastern District of Pennsylvania. We find that, for the convenience of parties and witnesses and the just and efficient conduct of the litigation, the actions on the attached Schedule A pending in the Districts of Massachusetts and Minnesota must be transferred, pursuant to 28 U.S.C. § 1407, to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings with the actions pending in that district. We also find that, on principles of comity, transfer of the actions brought by plaintiff Nassau Sport in the Eastern District of New York is inappropriate at this time.

The basic issue in all of these actions, including the ones by plaintiff Nassau Sports pending in the Eastern District of New York, is whether the NHL and its member teams have violated the federal antitrust laws through the "reserve clause" in their contracts, affiliation agreements and market power dominance. The parties have conceded, and we find, that common questions of fact exist and that common document discovery and depositions will be pursued in this litigation. The parties also agree, and we find, that the Eastern District of Pennsylvania is the most appropriate transferee district for this litigation. The majority of the discovery to date has taken place in the actions pending in that district and Judge A. Leon Higginbotham, Jr. of that district has already ruled on motions for preliminary

injunctions and is completely familiar with the issues raised in these actions.[1]

Plaintiff Nassau Sports brought two actions in the Eastern District of New York seeking to enjoin the defendant players from playing for any professional hockey team other than Nassau.[2] The plaintiff's motions for a preliminary injunction have been briefed, argued and reargued in that court and are now *sub judice*.[3]

We have consistently adhered to well-founded principles of comity in deciding motions for transfer under Section 1407:

> The Panel is keenly aware of the problems of the District Courts and Courts of Appeals in which is pending multidistrict litigation subject to transfer under Section 1407. There is no disposition on the part of the Panel to act hastily or without a considerate and well deserved respect for these courts, on principles of comity.
>
> . . . . . .
>
> On principles of comity, where appropriate, the Panel has in the past timed its actions and constructed its orders in a manner which will permit the transferor courts . . . to reach timely decisions on particular issues without abrupt, disconcerting, untimely or inappropriate orders of transfer by the Panel. This policy of comity has been followed in the past and will be followed in the future by the Panel.[4]

1. On November 8, 1972, Judge Higginbotham issued a 124 page opinion and order preliminarily enjoining "the National Hockey League, its member clubs and teams, and those actions on its behalf, . . . from further prosecuting, commencing, or threatening to commence any legal proceeding pursuant to and/or to enforce the so-called 'reserve clause' (presently Paragraph 17) of the National Hockey League Standard Player's Contract, against any player, coach or other person whose contract, but for the reserve clause, expired on or before November 8, 1972." In addition to detailed findings of fact, Judge Higginbotham discussed at length the issues raised and the applicable law. Philadelphia World Hockey Club, Inc. v. Philadelphia Hockey

Club, Inc., 351 F.Supp. 462 (E.D.Pa. 1972)

2. Nassau Sports, etc. v. Garry Peters, et al., E.D.N.Y., Civil Action No. 72 Civ. 1086 and Nassau Sports, etc. v. Norman Ferguson, et al., E.D.N.Y., Civil Action No. 72 Civ. 1132.

3. On procedural grounds, Judge Higginbotham specifically reserved ruling on whether his opinion and order of November 8, 1972, was applicable to Nassau Sports. Philadelphia World Hockey Club, Inc. v. Philadelphia Hockey Club, Inc., *supra*, note 57 at 519 of 351 F.Supp. (E. D.Pa.1972).

4. In re Plumbing Fixtures Cases, 298 F. Supp. 484, 496 (Jud.Pan.Mult.Lit.1968).

Inasmuch as plaintiff's motions for a preliminary injunction are *sub judice,* transfer of the two Nassau Sports actions pending in the Eastern District of New York is inappropriate at this time.[5] Transfer is denied, however, without prejudice to reconsideration by the Panel, either on its own initiative or on motion of one of the parties, at a later time.

It is therefore ordered that all actions on the attached Schedule A pending in the District of Massachusetts and the District of Minnesota be, and the same hereby are, transferred to the Eastern District of Pennsylvania and assigned to the Honorable A. Leon Higginbotham. Jr. for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. § 1407, with the actions pending in that district.

It is further ordered that transfer of Nassau Sports, etc. v. Garry Peters, et al., E.D.N.Y., Civil Action No. 72 Civ. 1086 and Nassau Sports, etc. v. Norman Ferguson, et al., E.D.N.Y., Civil Action No. 72 Civ. 1132 be, and the same hereby is, denied without prejudice to later reconsideration by the Panel upon its own initiative or motion of one of the parties.

### SCHEDULE A

#### District of Massachusetts

| | |
|---|---|
| Boston Professional Hockey Assn., Inc. v. Derek Sanderson | Civil Action No. 72–2490–C |
| Boston Professional Hockey Assn., Inc. v. Gerry Cheevers | Civil Action No. 72–2484–C |

#### District of Minnesota

| | |
|---|---|
| Nassau Sports v. Edward Hampson, et al. | Civil Action No. 4–72 Civ. 466 |

#### Eastern District of Pennsylvania

| | |
|---|---|
| Philadelphia World Hockey Club, Inc. v. Philadelphia Hockey Club, Inc. | Civil Action No. 72–1661 |
| World Hockey Assn., et al. v. National Hockey League, et al. | Civil Action No. 72–1995 |
| Sports Centrepoint Enterprises Ltd., et al. v. National Hockey League | Civil Action No. 72–1906 |

5. Subsequent to the Panel hearing concerning this litigation the Panel was advised that a "Memorandum Decision and Order" was entered in Nassau Sports, etc. v. Peters et al., E.D.N.Y., 352 F.Supp. 870, regarding plaintiff's motion for a preliminary injunction.