**Louis GARBER et al., Plaintiffs,**

v.

**Cortes W. RANDELL et al., Defendants.**

**No. 70 Civ. 835.**

United States District Court,
S. D. New York.

Feb. 14, 1973.

Cahill, Gordon, Sonnett, Reindel & Ohl, New York City, for Peat, Marwick, Mitchell & Co.; William E. Hegarty, Mathias Mone, New York City, of counsel.

Lord, Day & Lord, New York City, for Lord, Bissell & Brook; John W. Castles, III, New York City, of counsel.

Ginsburg, Feldman & Bress, Washington, D. C., for Cameron Brown; Ronald P. Wertheim, Washington, D. C., of counsel.

Shea & Gardner, Washington, D. C., for Robert Tate; Lawrence J. Latto, Washington, D. C., of counsel.

Pomerantz, Levy, Haudek & Block, New York City, for plaintiffs (general counsel); Abraham L. Pomerantz, New York City, of counsel.

Winthrop, Stimson, Putnam & Roberts, New York City, for White & Case; Peter H. Kaminer, Edwin J. Wesely, and John F. Pritchard, New York City, of counsel.

Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for National Student Marketing Corp.; J. L. O'Donnell, and Charles M. McCaghey, New York City, of counsel.

## OPINION

EDELSTEIN, Chief Judge.

Defendant White & Case has moved for a severance of the claims brought against it pursuant to Rules 20(b), 21, and 42(b) of the Federal Rules of Civil Procedure.[1] Before considering the merits of White & Case's motion, a review of the tangled and complex procedural history of this motion seems appropriate.

On April 20, 1972, this court ordered the filing of a consolidated amended complaint by plaintiffs in three separate actions, each of which related to the financial affairs of National Student Marketing Corporation ("NSM").[2] The order further provided that it was "without prejudice to an application by any party thereafter to move for severance or stays or other relief."

---

1. At oral argument counsel for defendant Lord, Bissell & Brook indicated that their client joined in White & Case's motion, as they had when the motion was filed in June 1972. The subsequent order of the Judicial Panel on Multidistrict Litigation, dated December 1, 1972, transferring all claims against Lord, Bissell & Brook to the District Court for the District of Columbia, prevents this court from considering any motions made by this defendant. Therefore, the instant motion will be considered only with regard to the defendant White & Case.

2. The three actions consolidated by the order of April 20, 1972, are Louis Garber v. Cortes W. Randell, et al., 70 Civ. 835; Mildred Lipsig, et al. v. National Student Marketing Corp., et al., 70 Civ. 2006; and Domenick L. Natale v. National Student Marketing Corp., et al., 72 Civ. 721.

That same day, defendant Peat, Marwick, Mitchell & Co. ("Peat, Marwick") moved before the Judicial Panel on Multidistrict Litigation for an order consolidating pre-trial discovery in these three cases and five other cases pending in this and other districts. The Panel heard argument on Peat, Marwick's motion on June 1, 1972.

A third front was opened on May 17, 1972, when White & Case filed a notice of appeal from this court's order of April 20 directing the filing of a consolidated complaint.

The consolidated complaint was filed on June 5, 1972, and White & Case filed its motion for severance on June 19, 1972.

At a hearing in this court on June 29, 1972, argument was heard on plaintiff's motion to establish a class. At that time, counsel for White & Case, in arguing against the motion, stated that "our objections to the class and the establishment of a class are intimately related to the issues presented on severance, and I would beseech your Honor not to decide the class action determination without at the same time deciding the severance motion, or, if your Honor prefers and *as we have suggested, to defer the decision on both of those motions until after the decision by the panel*." Hearing of June 29, 1972, at p. 33. (emphasis added)

By letter dated August 23, 1972, the Panel notified this court of its intention of transferring all the New York actions relating to NSM to Judge Parker of the District Court for the District of Columbia. The Panel's formal order was issued on December 1, 1972, and provided that all of the actions were to be transferred to the District of Columbia, but that "in view of the pendency of the appeal of defendant White & Case from an order of the Southern District of New York, the claims against White & Case . . . will not be transferred at this time." This order was confirmed in a full Opinion and Order issued on January 29, 1973.

Argument on White & Case's appeal from this court's consolidation order of April 20, 1972, was heard on January 11, 1973. At the conclusion of argument, the Court of Appeals ordered that "the action be and it hereby is remanded to said District Court without prejudice to reinstatement of the within appeal if the said District Court should deny the pending motion of appellant White & Case [for severance] or shall fail within twenty-one (21) days to act upon said motion." [3]

The procedural posture of this case places this court in an anomalous position. If the severance motion is granted then the claims against White & Case will be heard in the Southern District of New York, subject, of course, to any further order of the Panel. On the other hand, if the motion is denied, the claims against White & Case will still be in this court since the Panel has remanded those claims under the authority of 28 U.S.C. § 1407(a). This would produce a *de facto* severance, all other defendants being before Judge Parker in the District of Columbia. In either case, the ultimate situs of the litigation of the claims against White & Case will be decided by the Panel, subject to appropriate appellate review.[4] Thus, it

3. Upon application by White & Case, the court of appeals subsequently extended the time granted the district court to decide the motion by fourteen days.

4. In addition to the appeal currently pending in the Court of Appeals for the Second Circuit, a petition for a writ of mandamus may soon be filed in the Court of Appeals for the District of Columbia.

In its proposed pretrial conference agenda filed February 2, 1973, in the District Court for the District of Columbia, the SEC said that it "intends to file in the United States Court of Appeals, the District of Columbia Circuit, a petition for a writ of mandamus to compel the Judicial Panel for Multidistrict Litigation to vacate its order of December 1, 1972, which transferred to this court seven private damage actions for purposes of consolidated pretrial proceedings with the Commission's action."

seems that any order of this court with regard to White & Case's motion will have no effect.

Notwithstanding these misgivings, and taking the mandate of the Court of Appeals at face value, this court feels obliged to decide the severance motion.

The complaint in this class action alleges the existence of a scheme to defraud in violation of the Securities Act of 1933, 15 U.S.C. §§ 77a et seq. and the Securities and Exchange Act of 1934, 15 U.S.C. §§ 78a et seq., particularly Section 10(b) of the 1934 Act and Rule 10(b)–5 promulgated thereunder. In support of its motion for severance, White & Case argues that the claims against it and the defenses that it raises present legal questions of paramount public concern that require prompt resolution. In brief, these issues relate to the responsibilities of lawyers to the investing public and the Securities and Exchange Commission. Movant also suggests that the claims asserted against it are of limited factual scope and that, therefore, severance will permit an expeditious determination of those claims.

Peat, Marwick, in opposition, contends that the granting of a severance to White & Case will prejudice it and other defendants because of the pendency of cross-claims against White & Case. While cross-claims and third party claims may be separated from the main claim and tried in a separate forum, see e. g., In re Penn Central Securities Litigation, 325 F.Supp. 309 (Jud.Pan.Mult. Lit.1971), such action should not be taken absent a clear showing that convenience would be furthered by such a severance. Further, several defendants, including Cameron Brown, argue that the factual basis of the claims against White & Case, largely relating to the closing of a merger between NSM and Interstate National Corporation, ("Interstate") is identical to the factual basis of the claims against them. The complaint alleges that Peat, Marwick was to have submitted a "comfort letter" to the directors of NSM and Interstate prior to the closing of the merger. Peat, Marwick did not supply the "comfort letter" as required by the agreement, yet the merger was closed. Representatives of White & Case were present at the closing. Thus, the factual basis of the liability of Peat, Marwick and the directors and officers of the two companies, with regard to this transaction, is closely related to that of White & Case and the other lawyer defendants. The granting of the instant motion would require two separate sets of discovery proceedings with regard to the events surrounding the Interstate closing. This duplicative discovery would bring with it a waste of time and other resources, which many of the defendants can ill afford. Indeed, if a severance is to be granted, it seems more logical to sever all defendants who were involved solely in the events surrounding the NSM-Interstate merger such as Mr. Brown and Lord, Bissell and Brook. However, by order of the Panel, these defendants are now before Judge Parker in the District of Columbia.

The court is not unmindful of this case's implications for the legal profession. The issues raised by the claims against White & Case are certainly of great significance. Nonetheless, it must also be granted that the claims against the other defendants, many of whose participation is more limited in time and scope than that of White & Case, is also of great concern and importance to them. They, too, are entitled to a prompt and expeditious resolution of the claim brought against them.

The court also notes that the Judicial Panel on Multidistrict Litigation has assigned all of these actions, with the exception of the claims asserted against White & Case, to Judge Parker. It seems proper and in keeping with the policy underlying the concept of multidistrict litigation to leave to the transferee judge the decision of procedural

pre-trial motions such as that presented here.

■ The granting of a severance lies within the discretion of the trial court. Chicago, Rock Island and Pacific Railroad Co. v. Williams, 245 F.2d 397, 404 (8th Cir.), cert. denied, 355 U.S. 855, 78 S.Ct. 83, 2 L.Ed.2d 63 (1957); Collins v. Metro-Goldwyn Pictures Corp., 106 F.2d 83, 87 (2d Cir. 1939); 7 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1660 p. 317 (1972).

■ After carefully reviewing the arguments advanced by White & Case and by those in opposition to the motion, the court is persuaded that it should exercise its discretion by denying a severance in this case. The added time and expense of duplicative discovery and possible prejudice to defendants whose potential liability is factually related to that of White & Case lead the court to this result.[5]

The motion is denied.

So ordered.

---

5. The denial of the instant motion is without prejudice to a motion for a separate trial under Rule 42(b) which might be made at the conclusion of discovery. At that time it would be appropriate to reconsider the question of separately trying the unusual issues raised by White & Case's defense.