## In re NATIONAL STUDENT MARKET-ING LITIGATION.

### No. 105.

Judicial Panel on Multidistrict Litigation.
May 9, 1973.

---

## OPINION AND ORDER

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

PER CURIAM.

Three class and derivative suits in this litigation were originally filed by stockholders of National Student Marketing Corp. in the Southern District of New York.[1] The district court ordered the three actions consolidated for pretrial purposes and directed the plaintiffs to file a consolidated amended complaint. That complaint contained claims against White & Case, a well-known New York law firm, and at the time of the Panel hearing concerning transfer of this litigation, defendant White & Case had appealed from the consolidation order entered by the district court. Because of the pendency of the appeal, only the claims asserted in the three consolidated actions against defendants other than White & Case were transferred by the Panel under 28 U.S.C. § 1407 to the District of Columbia and assigned to the Honorable Barrington D. Parker for coordinated or consolidated pretrial proceedings; the claims for relief against White and Case were separated from the order of transfer and remanded to New York pursuant to Section 1407(a). In re National Student Marketing Litigation, (Jud.Pan.Mult.Lit., filed Jan. 29, 1973).

Shortly thereafter the Court of Appeals for the Second Circuit stayed any action on the appeal in order to provide the district court time to consider White & Case's motion for severance. The New York district court denied the motion for severance[2] and White & Case appealed. The Second Circuit reinstated White & Case's appeal from the district court's consolidation order and consolidated it with White & Case's appeal from the denial of the severance motion.[3] The appellate court reversed the consolidation order insofar as it directed the filing of a consolidated complaint against White & Case and in all other respects affirmed both orders. The claims asserted against White & Case in the Southern District of New York are now ripe for transfer under Section 1407 to the District of Columbia for inclusion in the

---

1. Mildred Lipsig, et al. v. National Student Marketing Corp., et al., S.D.N.Y., Civil Action No. 70 Civ. 2006; Louis Garber v. Cortes W. Randell, et al., S.D.N.Y., Civil Action No. 70 Civ. 835; and Domenick L. Natale v. National Student Marketing Corp., et al., S.D.N.Y., Civil Action No. 72 Civ. 721.

2. Garber v. Randell, 58 F.R.D. 492 (S.D. N.Y. filed Feb. 14, 1973)

3. Garber v. Randell, 477 F.2d 711 (2d Cir., filed April 9, 1973)

coordinated or consolidated pretrial proceedings before Judge Parker.[4]

As we indicated in our initial opinion and order in this litigation, *supra*, the factual basis of the claims against White and Case largely relate to the events culminating in a merger between National Student Marketing and Interstate National Corporation. Since the facts surrounding this transaction are already involved in the coordinated or consolidated proceedings, the claims against White & Case must be transferred to the District of Columbia in order to avoid duplication of discovery and unnecessary inconvenience to the parties and witnesses. Unless terminated in the transferee court by valid judgment, including but not limited to summary judgment, judgment of dismissal and judgment upon stipulation, or ordered transferred by the transferee judge to the transferee or other district under 28 U.S.C. § 1404(a),[5] the claims against White and Case shall be remanded by the Panel at the conclusion of the common discovery and other pretrial proceedings to the Southern District of New York for trial on the merits.

It is therefore ordered that the claims against White & Case asserted in Domenick L. Natale v. National Student Marketing Corp., et al., S.D.N.Y., Civil Action No. 72 Civ. 721, be, and the same hereby are, transferred to the District of Columbia and, with the consent of that court, assigned to the Honorable Barrington D. Parker for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. § 1407, with the actions heretofore transferred and pending in that district.

4. The Court of Appeals for the Second Circuit found that the claims asserted against White and Case in the consolidated complaint were stated on behalf of only one of the plaintiffs, Domenick L. Natale. It ordered upon remand that the separate *Natale* complaint be reinstated. It thus appears that the only claims in the three actions not already transferred under Section 1407 to the District of Columbia are Natale's claims against White and Case.

5. Rule 15(a), (b), Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 55 F.R.D. LI (1972).