**In re PROFESSIONAL HOCKEY ANTI-TRUST LITIGATION.**

**No. 119.**

Judicial Panel on Multidistrict Litigation.

Jan. 3, 1974.

Weinfeld, Judge of Panel, dissented and filed opinion.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

OPINION AND ORDER

PER CURIAM.

The Panel previously transferred several actions involving the World Hockey Association (WHA) and the National Hockey League (NHL) to the Eastern District of Pennsylvania and, with the consent of that court, assigned them to the Honorable A. Leon Higginbotham, Jr. for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. In re Professional Hockey Antitrust Litigation, 352 F.Supp. 1405 (Jud. Pan.Mult.Lit.1973). We are now urged to similarly transfer the above-captioned actions. Nassau Sports, plaintiff in each of the actions, opposes transfer. We find that all three actions raise questions of fact common to the actions previously transferred to the Eastern District of Pennsylvania and that their transfer for coordinated or consolidated pretrial proceedings will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

I. *Transfer of the Peters and Ferguson Actions*

In our previous opinion and order in this litigation, we found that:

The basic issue in all of these actions, including the ones by plaintiff Nassau Sports pending in the Eastern District of New York (the *Peters* and *Ferguson* actions), is whether the NHL and its member teams have vio-

lated the federal antitrust laws through the "reserve clause" in their contracts, affiliation agreements and market power dominance. The parties have conceded, and we find, that common questions of fact exist and that common document discovery and depositions will be pursued in this litigation. 352 F.Supp. at 1406.

■ Notwithstanding these findings, the Panel initially denied transfer of the *Peters* and *Ferguson* actions, without prejudice to reconsideration, solely on the ground that plaintiff's motions for preliminary injunctions were *sub judice*. 352 F.Supp. at 1407. Decisions were rendered on the preliminary injunction motions and, as a result, the question of transferring both actions to the Eastern District of Pennsylvania under Section 1407 came before the Panel again. We were then advised, however, that a notice of appeal had been filed in the Court of Appeals for the Second Circuit with respect to the *Peters* action and we necessarily deferred our decision. *Cf.* In re National Student Marketing Litigation, 358 F.Supp. 1303 (Jud.Pan. Mult.Lit.1973). That appeal has been dismissed by the parties and therefore the *Peters* and *Ferguson* actions are now ripe for transfer.

Our review of the file record in the *Peters* and *Ferguson* actions in the Eastern District of New York reveals that little discovery has been undertaken. And although discovery is well advanced in the previously transferred actions, the parties will not be prejudiced by transfer at this time because the transferee court may enter appropriate orders to protect their interests and still prevent duplication of discovery. *See* Manual for Complex Litigation, Part I, § 3.11 (1973).

II. *Transfer of the Houston Action*

The *Houston* action was orginally filed in Texas state court and later removed to the United States District Court for the Southern District of Texas. Shortly thereafter, plaintiff filed a motion to remand the action to state court. Defendants now move the Panel for transfer of the action to the Eastern District of Pennsylvania. Plaintiff opposes transfer on the ground that the remand motion should be decided by the Texas federal court.

■■ We find that the *Houston* action involves questions of fact virtually identical to those raised in the actions previously transferred by the Panel and that the criteria for transfer of this action under Section 1407 are clearly satisfied. Inasmuch as the transferee judge has the power to rule on the question of remand, we perceive no reason to delay transfer. *See* In re Florida Everglades Air Disaster Litigation, 368 F.Supp. 812 (Jud.Pan.Mult.Lit., filed December 14, 1973).

It is therefore ordered that the actions entitled Nassau Sports v. Garry Peters et al., E.D.N.Y., Civil Action No. 72 Civ. 1086; Nassau Sports v. Norman Ferguson et al., E.D.N.Y., Civil Action No. 72 Civ. 1132; and Nassau Sports v. Houston Hockey Club et al., S.D.Texas, Civil Action No. 72–H–1356 be, and the same hereby are, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable A. Leon Higginbotham, Jr. for coordinated or consolidated pretrial proceedings with the actions in the above-captioned litigation which are already pending in that district.

WEINFELD, Judge of the Panel (dissenting):

I dissent insofar as the Nassau Sports v. Garry Peters et al. (E.D.N.Y. 72 Civ. 1086) and Nassau Sports v. Norman Ferguson et al. (E.D.N.Y. 72 Civ. 1132) actions are concerned. Upon the argument of this motion it appeared that discovery in these matters was well advanced in the original district of commencement of suit and counsel represented that the cases were ripe for trial there. In the circumstances, a transfer would not be "for the convenience of parties [nor] . . . promote the

just and efficient conduct" of such action as required by 28 U.S.C., section 1407. I would leave these actions where they are.