In re **PROFESSIONAL HOCKEY ANTITRUST LITIGATION.**

No. 119.

Judicial Panel on Multidistrict Litigation.

Jan. 4, 1974.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III *, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

This litigation arises out of the competition for players between the two major league professional hockey associations: the newly formed World Hockey Association (WHA) and the established National Hockey League (NHL). The basic issue involved in all actions is whether the NHL and its member teams have violated the federal antitrust laws through the "reserve clause" in their contracts, affiliation agreements and market power dominance. We previously transferred these actions to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings. In re Professional Hockey Antitrust Litigation, 352 F.Supp. 1405 (Jud. Pan.Mult.Lit.1973) and 369 F.Supp. 1117 (Jud.Pan.Mult.Lit., filed January 3, 1974).

The above-captioned actions appeared to involve the same basic issue and the Panel ordered the parties to show cause why the actions should not also be transferred to the Eastern District of Pennsylvania. Prior to the Panel hearing, the *California Sports* action was transferred to that district under 28 U.S.C. § 1404(a). Inasmuch as transfer under Section 1404(a) is for all purposes, the question of transfer of this action under Section 1407 is now moot.

---

* Although Judge Lord was not preesnt at the hearing, he has, with the consent of all parties, participated in this decision.

Defendants in the *WHA* action, however, oppose transfer. We find that the *WHA* action raises questions of fact common to the previously transferred actions and that for the convenience of the parties and witnesses and the just and efficient conduct of the litigation, this action must be transferred to the Eastern District of Pennsylvania pursuant to Section 1407.

■ Defendants argue that the issues in the *WHA* action are distinguishable from those in the other actions in the litigation because Nassau Sports has only been a member of the *NHL* since October 1972. They also contend that they have not participated in any of the discovery in the transferee district and that they would be highly prejudiced by transfer so late in the pretrial proceedings.

Defendants' arguments are not persuasive. First, our decision is necessarily influenced by the facts as pleaded. On its face, the complaint in the *WHA* action contains allegations substantially identical to those asserted by the *WHA* in the actions presently pending in the transferee district. Clearly, unless this action is transferred the vast majority of the document and depositional discovery pursued will duplicate that already undertaken or contemplated in the transferee court. Secondly, we do not perceive how transfer at this time will prejudice defendants. Discovery in this action has not yet commenced. And even assuming that discovery in the coordinated or consolidated proceedings is far advanced, appropriate orders may be entered by the transferee court making that discovery available to these parties and preventing unnecessary duplication and inconvenience. *See* Manual for Complex Litigation, Part I, § 3.11 (1973). Furthermore, we recently transferred three actions to the transferee district which involve defendant Nassau Sports and raise the same antitrust issues as those in the *WHA* action. 369 F.Supp. 1117 (Jud.Pan.Mult.Lit. filed January 3, 1974).

It is therefore ordered that the action entitled World Hockey Association et al. v. Nassau Sports, et al., E.D.N.Y., Civil Action No. 73C1370 be, and the same hereby is, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable A. Leon Higginbotham, Jr. for coordinated or consolidated pretrial proceedings with the actions in the above-captioned litigation.

It is further ordered that transfer of California Sports, Inc. v. Serge Bernier et al., C.D.Cal., Civil Action No. C–73–2127–ALS, under 28 U.S.C. § 1407 be, and the same hereby is, denied because the question is moot.