**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**NATIONAL STUDENT MARKETING CORPORATION, et al., Defendants.**

**M.D.L. No. 105.
Civ. A. No. 225–72.**

United States District Court,
District of Columbia.

Jan. 18, 1977.

Theodore Sonde, Bobby C. Lawyer, Richard O. Patterson, Washington, D.C., for the Securities and Exchange Commission.

Abe Krash, Daniel A. Rezneck, Clifford D. Stromberg, Washington, D.C., for defendants White & Case and Marion J. Epley, III.

## MEMORANDUM OPINION

PARKER, District Judge:

In February 1972, the Securities and Exchange Commission (Commission or SEC) filed an amended complaint seeking injunctive relief against the National Student Marketing Corporation (NSMC). The complaint detailed an involved securities fraud scheme, naming as defendants certain officers, directors, accountants and attorneys acting on behalf of National Student Marketing as well as various other party defendants.[1] The Commission alleged that defendants participated in a series of trans-

1. On July 27, 1972, a Judgment of Permanent Injunction was entered against National Student Marketing Corporation.

actions involving the preparation and dissemination of false and misleading financial statements, and they were charged with violation of the anti-fraud,[2] proxy[3] and reporting[4] sections of the securities laws. The law firm of White & Case and one of its partners, Marion J. Epley, III, (collectively referred to as White & Case), served as outside legal counsel for National Student Marketing. They and other attorneys were named as defendants.

The Commission complaint was consolidated with several private suits involving the same transactions for the purposes of discovery and other pretrial proceedings by the Judicial Panel on Multidistrict Litigation.[5] The plaintiffs in the private suits seek money damages and other relief.

Following extensive discovery, the Commission now seeks to conform the pleadings to the evidence unearthed by discovery. Specifically, on December 8, 1976, the SEC moved to amend the pleadings pursuant to Rule 15(b) of the Federal Rules of Civil Procedure[6] to set forth all matters contained in its recently filed pretrial brief of December 6, 1976, "as if they had been raised in the [1972] pleadings." The matters introduced in the Commission's pretrial brief relate to White & Case's representation of National Student Marketing and that corporation's acquisition on November 13, 1969, of Stuckey & Speer, Inc. (SSI), a jewelry firm, and the Ritzenthaler and Cottrell bus companies and its acquisition in February 1969 of Consultants for Market Isolation, Inc. (CMI).[7] The 1972 amended complaint contained no allegations or references to these acquisitions.[8]

White & Case resists and opposes any amendment of the pleadings claiming that not only is Rule 15(b) inapplicable but also that the motion should be denied even under 15(a)[9] because there is no justification for the SEC's belated request, there is the

---

**2.** § 17(a) of the Securities Act of 1933 (Securities Act), 15 U.S.C. § 77q(a); § 10(b) of the Securities Exchange Act of 1934 (Exchange Act), 15 U.S.C. § 78j(b) and Rule 10b–5 thereunder, 17 C.F.R. § 240.10b–5.

**3.** § 14(a) of the Exchange Act, 15 U.S.C. § 78n(a).

**4.** § 13(a) of the Exchange Act, 15 U.S.C. § 78m(a).

**5.** The private suits were transferred by the Panel from various other district courts to the District of Columbia. *See In re National Student Marketing Litigation,* 368 F.Supp. 1311 (Jud.Pan.Mult.Lit.1972, 1973); 358 F.Supp. 1303 (Jud.Pan.Mult.Lit.1973).

**6.** Rule 15(b) provides in relevant part:
*Amendments to Conform to the Evidence.* When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. . . .

**7.** At the hearing on this motion, the Commission represented that it was not seeking to have the pleadings deemed amended regarding the CMI transaction, thereby charging that acquisition as a separate securities law violation. Rather, evidence concerning CMI would be offered in support of the SEC's claim for injunctive relief against White & Case. Since Mr. Epley was not responsible for the NSMC account until July of 1969, he was not involved in the CMI transaction. In any event, the Court denies leave to amend concerning that acquisition. The Court does not, however, rule at this time regarding the admissibility at trial of evidence of the CMI acquisition.

**8.** Of primary importance to the 1972 amended complaint is the merger between NSMC and Interstate National Corporation. The closing date of the merger was October 31, 1969, within several weeks of the SSI, Ritzenthaler and Cottrell acquisitions by NSMC.

**9.** Rule 15(a) provides in relevant part:
*Amendments.* A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. . . .

potential of prejudice, and the amendment would add new issues consequently causing a delay in the scheduled trial of May 1977.

On January 10, 1977, at the conclusion of oral argument on the motion, this Court granted the Commission's motion as to the SSI, Ritzenthaler and Cottrell acquisitions in a bench ruling. This Memorandum Opinion amplifies the reasons for the Court's decision.

### The Scope of Rule 15

■ There can be no doubt that a district court has broad discretion pursuant to Rule 15 to allow amendment of pleadings, and that such motions should be looked upon with favor under the liberal pleading standards of the federal rules. *See generally* 3 *Moore's Federal Practice,* ¶ 15.08 (2d ed. 1974). Such liberality is consistent with the purpose of the federal rules to provide a full and fair hearing on the merits.

■ The Court agrees with White & Case that because subsection (b), by its terms, applies only to motions made during or after trial to conform pleadings to the evidence, the SEC may not rely on that subsection in this motion. *Butterman v. Walston & Co., Inc.,* 308 F.Supp. 534, 536 (E.D.Wis. 1970). *See Wallin v. Fuller,* 476 F.2d 1204, 1210 (5th Cir. 1973). There is no reason, however, why the Commission's motion should not be treated as if made pursuant to subsection (a) of the Rule.[10]

In *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court indicated that the mandate of Rule 15(a) should be carefully heeded, and that:

[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.* at 182.

White & Case's opposition is grounded upon several considerations. Specifically, it claims prejudice, undue delay in proposing the amendment and potential trial delay by burdening the Court and the parties with new matters in an already complex action.

■ Nearly five years have elapsed since the amended complaint was filed. Because the "new" matters presented in the pretrial brief were known to the SEC since at least 1973, White & Case charges that the delay in filing the motion to amend is undue.[11] However, absent bad faith or prejudice, delay alone is an insufficient reason to deny leave to amend. *See Howey v. United States,* 481 F.2d 1187, 1190 (9th Cir. 1973); *Middle Atlantic Utilities Co. v. S. M. W. Development Corp.,* 392 F.2d 380, 384 (2d Cir. 1968); *United States v. International Business Machines Corp. (IBM),* 66 F.R.D. 223, 228–29 (S.D.N.Y.1975); 3 *Moore's Federal Practice,* ¶ 15.08[4], at 901. Delay is only one factor to be considered in determining whether prejudice would result

---

**10.** That the SEC seeks to have the pleadings deemed amended by its pretrial brief rather than by filing a new complaint does not trouble the Court. In *Chambliss v. Coca-Cola Bottling Corp.,* 274 F.Supp. 401 (E.D.Tenn.1967), *aff'd,* 414 F.2d 256 (6th Cir. 1969), *cert. denied,* 397 U.S. 916, 90 S.Ct. 921, 25 L.Ed.2d 97 (1970), the court noted that amending by brief "seem[ed] inappropriate." 274 F.Supp. at 409. However, other than expressing in his brief his desire to amend the complaint, the plaintiff in *Chambliss* had made no formal effort to do so. By contrast, the SEC has formally moved under Rule 15 to amend the pleadings, albeit by way of brief. Because of the responsive nature of the pretrial briefs to be filed in this action pursuant

to the Order of November 9, 1976, the Court believes that formal amendment to the complaint is unnecessary. Of course, in its pretrial brief, White & Case may respond to the additional matters alleged by the SEC and in this manner amend its pleadings as well.

**11.** The Commission acknowledges that in 1973 the possibility of the SEC charging White & Case with additional violations was referred to in letters between counsel for the SEC and counsel for White & Case. The proposed amending matters were also discussed by the defendants with Justice Department attorneys in May 1973. Rebuttal Memorandum of the SEC, filed Dec. 30, 1976, p. 3 n. 1.

from a court's granting of leave to amend or whether the motion was made in good faith. *Middle Atlantic Utilities Co. v. S. M. W. Development Corp.,* 392 F.2d at 384; *United States v. IBM,* 66 F.R.D. at 229.

This Court finds persuasive and particularly relevant the reasoning of Senior Circuit Judge Lumbard that while several criteria are employed to determine the propriety of a motion for leave to amend, "the *crucial factor* is the resulting prejudice to the opposing party." *Howey v. United States,* 481 F.2d at 1190 (emphasis added). White & Case is not particularly specific in its claim of prejudice. At the motion hearing, it admitted that additional discovery would not be required. It was argued that the Court and the parties would be burdened at trial with a tremendous volume of exhibits and deposition testimony. This is at best an uncertain showing of prejudice, and in any event a sure control could be exercised over any improper and unnecessary use of exhibits and deposition testimony at that time.

The Commission responds to White & Case's claim of undue delay by arguing that since discovery has only recently been completed, filing an amended complaint at an earlier date would not have afforded the SEC the opportunity for the detailed and specific allegations set forth in its pretrial brief. Addressing the issue of prejudice, the SEC contends that White & Case's argument has more gloss than substance. The matters relating to the additional acquisitions come as no surprise to White & Case. Indeed, they were the subject of correspondence and conferences between the government and White & Case as early as 1973, and White & Case had been alerted that testimony covering the matters would likely be offered by the SEC at trial.

Moreover, the SSI and bus company acquisitions by NSMC relate in subject matter and time to the claims of the 1972 amended complaint. The same allegedly false financial statements used in the Interstate/NSMC merger were also the underlying documents in the acquisitions of several weeks later. The SEC claims that the same securities law violations are involved, and that the same theories of liability will apply to all of the transactions. Similarly, White & Case presumably would rely upon the same legal theories and defenses to the claims raised by the additional transactions as to those presented in the amended complaint.

Finally, the Commission points out that the matters of the later acquisitions were specifically set out as a cause of action against White & Case in the *Wachovia* amended complaint filed in June 1975.[12] That action has been consolidated for pretrial purposes with the Commission's action, and the amending matters were and are the subject of extensive deposition and documentary discovery in which White & Case has been participating.

■ The Court does not believe that it will be unduly burdened or that the trial will be unduly delayed by granting leave to amend. Nor does a delay in trial resulting from a grant of leave to amend and the need for additional discovery necessarily constitute sufficient prejudice to deny an otherwise meritorious motion. *See Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 568–69 (3rd Cir. 1976); *Middle Atlantic Utilities Co. v. S. M. W. Development Corp.,* 392 F.2d at 386; *United States v. IBM,* 66 F.R.D. at 231.

In deciding this motion, the Court finds particularly relevant the reasoning and observations of the *Howey* and *IBM* courts. In *Howey,* the Ninth Circuit found that the district court had abused its discretion by prohibiting the federal government from amending its third party complaint because the motion was not timely. As in this case, the complaint had been filed five years earlier, and the government had offered no excuse for its lengthy delay. Nonetheless, the court ruled that absent any showing of prejudice or demonstration of bad faith, "the mere fact that the government could

---

12. *Wachovia Bank & Trust Co., N.A., et al. v. National Student Marketing Corp., et al.,* C.A.    166–73 (D.D.C.), Amended Complaint, June 26, 1975, ¶¶ 66–71.

have moved at an earlier time to amend does not by itself constitute an adequate basis for denying leave to amend." 481 F.2d at 1191. Further, because the third party defendant, like White & Case, had participated in discovery and had prepared to defend similar claims in a related action arising from the same factual circumstances, it was "fully prepared to litigate the substantive issues raised by the amended third party complaint," *id.,* and would not be prejudiced by the amendment. Only if extensive additional discovery had been required would the trial court's denial of the government's motion for leave to amend been justified.

Although the motion in the *IBM* case was filed more than five years after the action was initiated, Judge Edelstein granted the government leave to amend its complaint in the complex civil antitrust action finding that the delay, in and of itself, was inconsequential. Perceiving that prejudice is the critical element in deciding a motion to amend the pleadings, Judge Edelstein concluded, as does this Court, that no legal prejudice to the opposing party's ability to present its case would occur from the need for additional discovery or preparation for trial or from the potential delay in the trial.

White & Case relies on several cases where the courts denied leave to amend on the grounds of undue delay or prejudice, particularly *Data Digests, Inc. v. Standard & Poor's Corp.,* 57 F.R.D. 42 (S.D.N.Y.1972); *Matlack, Inc. v. Hupp Corp.,* 57 F.R.D. 151 (E.D.Pa.1972), 16 F.R.Serv.2d 1429 (E.D.Pa. 1973); *Johnson v. Sales Consultants, Inc.,* 61 F.R.D. 369 (N.D.Ill.1973); and *Freeman v. Continental Gin Co.,* 381 F.2d 459 (5th Cir. 1967). However, those rulings are easily distinguishable. In *Data Digests,* the trial, which was imminent, had already been delayed for two to three years by numerous requests by the plaintiffs for ex-

tensions. Plaintiff sought to add 17 new defendants, and the proposed amendments went far beyond the issues then pending, making further discovery and pretrial procedure necessary. The resulting "inordinate and excessive" delay prejudiced the defendants.

The court in *Matlack* struck plaintiff's amended answers to interrogatories finding that the delay of five and one half years by the plaintiff in changing his theory of recovery was truly inordinate, and that the defendant would be seriously prejudiced in his ability to prepare and defend his case.[13]

*Johnson* involved a change by plaintiff in the theory of the case from fraudulent misrepresentation to antitrust. The court found undue and unjustified delay and denied leave to amend. The court also noted that the opposing party claimed to be substantially prejudiced. The *Freeman* court, finding undue delay, denied leave to amend to allege a different theory nine months after summary judgment had been granted adversely to the moving party.

For the reasons stated, the motion of the Securities and Exchange Commission to have the pleadings deemed amended to include the Stuckey & Speer, Ritzenthaler and Cottrell transactions is granted. An appropriate order is entered on this *18th* day of January, 1977.

---

13. The *Matlack* court stated that "a shift in theory should be denied, even in the absence of prejudice, where the party seeking to interpose it has been guilty of flagrant abuse, bad faith, or truly inordinate and unexplained delay." 57 F.R.D. at 163. However, none of these factors, including prejudice, is present in the case at

bar. There is no shift in theory of recovery by the SEC. Rather, the same factual circumstances and legal issues are involved in the amended complaint and in the proposed amending matters. Also, no finding of abuse, bad faith, or truly inordinate delay has been made.