### In re VITAMINS ANTITRUST LITIGATION.

#### Meijer, Inc., et al.

#### and

### Publix Super Markets, Inc., et al.

Misc. No. 99–0197.
MDL No. 1285.
Civ. Nos. 1:99CV03282 (TFH),
1:99CV2786 (TFH).

United States District Court,
District of Columbia.

July 29, 2003.

---

*Memorandum Opinion*

*Re: Publix's and Meijer's Motion For Leave To File Third Amended Complaints*

THOMAS F. HOGAN, Chief Judge.

Pending before the Court is Plaintiffs Meijer, Inc.'s and Publix Super Markets, Inc.'s Motion for Leave to File Third Amended Complaints ("Motion") pursuant to Fed. R.Civ.P. 15(a). Plaintiffs seek to name as additional defendants Nepera, Inc.("Nepera"), E.I. DuPont de Nemours and Company, Inc. ("DuPont"), and ConAgra, Inc.("ConAgra") (collectively, "Proposed Defendants"). Each of the Proposed Defendants has opposed the motion. Having considered the Plaintiffs' Motion, the Proposed Defendants' Oppositions, and Reply thereto, the Court grants Plaintiffs' Motion for the reasons set forth below.

## BACKGROUND

On September 7, 1999 Publix filed a complaint in the United States District Court for the Middle District of Florida alleging violations of the Sherman Act and Florida Uniform Deceptive Trade Practices Act. Publix requests treble damages for at least direct purchases of vitamins under federal law and damages for indirect purchases of products containing vitamins under state law. Publix amended its complaint on December 8, 1999 adding three defendants. On October 12, 1999 Meijer filed a similar complaint against most of the same defendants in the United States District Court for the Western District of Michigan alleging violations of the Sherman Act for a limited number of direct purchases and requesting damages under the Michigan Antitrust Reform Act for its indirect purchases. Meijer amended its complaint on November 16, 1999. These cases were transferred to this Court and consolidated into MDL No. 1285.

On July 15, 2002, Plaintiffs entered into a Stipulation and Order with defendants to opt-out of Court's March 21, 2002 Order Re: Third Amended Pretrial Schedule. The March 21 Order set deadlines for, among other things, completing factual discovery, filing dispositive motions, serving expert reports. The July 15 Stipulation contemplated the submission by parties for pretrial scheduling in the cases at a future date. Proposed defendants, of course, were not parties to the Stipulation.

## DISCUSSION

Rule 15(a) requires either written consent of the adverse party or leave of the court to amend a pleading, but provides that leave to amend "shall be freely given when justice so

requires."[1] Fed.R.Civ.P. 15(a). The grant or denial of a motion for leave to amend is within the Court's discretion, but it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as "undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *see also James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1098 (D.C.Cir.1996) (upholding denial of motion to amend a complaint because it would have been futile), *cert. denied*, 519 U.S. 1077, 117 S.Ct. 737, 136 L.Ed.2d 676 (1997).

■ Further, while it is "clear that undue delay is a sufficient reason for denying leave to amend . . . [c]onsideration of whether delay is undue, however, should generally take into account the actions of the other parties and the possibility of any resulting prejudice." *Atchinson v. District of Columbia*, 73 F.3d 418, 426 (D.C.Cir.1996) (citing *Foman*, 371 U.S. at 182, 83 S.Ct. 227; *Doe v. McMillan*, 566 F.2d 713, 720 (D.C.Cir.1977); *Sinclair v. Kleindienst*, 645 F.2d 1080, 1085 (D.C.Cir.1981)). In turn, to show prejudice sufficient to justify a denial of leave to amend the "opposing party 'must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely.'" *Dooley v. United Technologies Corp.*, 152 F.R.D. 419, 425 (D.D.C.1993) (citing *Foremost–McKesson Inc. v. Islamic Republic of Iran*, 759 F.Supp. 855, 858 (D.D.C.1991) (quoting *Heyl & Patterson Int'l v. F.D. Rich Housing*, 663 F.2d 419, 426 (3rd Cir.1981))). In essence, to show prejudice, the non-movant must show unfairness in procedure or timing preventing the non-movant from properly responding.

Plaintiffs filed the instant motion to add the Proposed Defendants noting that the conclusion of discovery has brought to light "specific facts regarding specific defendants' involvement in the [worldwide vitamins] conspiracy," Pl. Mot. at 1, and that they seek to amend their complaints to add Proposed Defendants "[b]ased upon this new evidence demonstrating the extent of each conspirator's participation." Pl. Mot. at 2. Plaintiffs argue that amended is appropriate as Proposed Defendants will not suffer prejudice because each has been sued by other plaintiffs in this MDL and, therefore, each has fully participated in written and deposition discovery. Plaintiffs argue that they do not seek to add new factual allegations, but merely to join in the complaints already lodged against Proposed Defendants. Furthermore, because Plaintiffs could file independent antitrust actions against these parties, Plaintiffs contend that granting the Motion would serve the interests of judicial efficiency. Plaintiffs also point out that they have not unduly delayed in bringing the Motion nor is there "bad faith or dilatory motive present." Mot. at 5.

Proposed Defendants argue that Plaintiffs' Motion should be denied on the grounds of undue delay and prejudice. Proposed Defendants cite Plaintiffs' failure to point to newly discovered evidence as an indication of undue delay. DuPont and ConAgra argue that because their relationships with DuCoa were acknowledged by Plaintiffs' 1999 complaints, Plaintiffs cannot claim that awareness of the relationships is new evidence to implicate DuPont or ConAgra. Furthermore, DuPont and ConAgra point out that Plaintiffs have had the Lindell Hilling affidavit for over two years and therefore cannot characterize it as new evidence to implicate either DuPont or ConAgra. Nepera similarly argues that Plaintiffs unduly delayed in seeking to amend its Complaints because a May 5, 2000 press

1. DuPont and ConAgra argue that amendment at this stage of the litigation is proper only upon a showing of "good cause" pursuant to Fed. R.Civ.P. Rule 16(b). They point to the Court's Order of April 28, 2000 which they claim set the deadline for amending complaints and adding parties. The April 28 Order set for the following pertinent deadlines: "Plaintiffs' counsel will identify all new plaintiffs on or before May 1, 2000."; "Plaintiffs will serve all domestic defendants . . . on or before June 30, 2000." The Court has not interpreted this to be a deadline for amending complaints and has thus applied Rule 15(a) to similar motions in this case. Defendants point to nothing that would require the application of Rule 16(b) rather than the Rule 15(a).

release "clearly announced the admitted involvement of Nepera in price fixing activity and directly linked Nepera to a niacin conspiracy involving Degussa AG and Reilly Industries, Inc., two of the defendants named in the Plaintiffs' original complaint." Nepera Opp'n at 5. Furthermore, Nepera asserts that "there is no basis for Plaintiffs' assertion that it just learned of Nepera's involvement in a niacin conspiracy in recent depositions." Nepera Opp'n at 7.

■ It is clear that Plaintiffs have delayed in bringing their motion to amend and that they could have moved at an earlier stage in the litigation. It is also evident that while there may be some merit to Plaintiffs' claim that discovery has brought to light "specific facts regarding specific defendants' involvement in the [worldwide vitamins] conspiracy," Plaintiffs point to nothing that specifically points to evidence with respect to the Proposed Defendants. Nonetheless, Proposed Defendants argument as to undue delay must fail because the Court does not find that Proposed Defendants will be prejudiced by the amendment. *See Atchinson* 73 F.3d at 426; *see also SEC v. Nat'l Student Mktg. Corp.*, 73 F.R.D. 444, 448–49 (D.D.C.1977) ("[T]he mere fact that the government could have moved at an earlier time to amend does not by itself constitute an adequate basis for denying leave to amend.") (citing *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973)).

Proposed Defendants claims of prejudice are not cognizable under Rule 15(a). Proposed Defendants allege that they will suffer prejudice if the Motion is granted primarily because they have not been parties to the actions brought by Plaintiffs and consequently have not participated in discovery relating to their suits. ConAgra and DuPont also point out that they were not parties to the "stipulation between Plaintiffs and certain defendants that took Plaintiffs' claims out of the deadlines imposed by the Court's March 21, 2002 Scheduling Order." (ConAgra Opp'n at 4.) Furthermore, because ConAgra and DuPont have not admitted to participating in a conspiracy, requiring them to begin preparing a defense to complex liability issues while preparing for trial would be un-

fair. ConAgra Opp'n at 6 ("There are complex liability issues unique to ConAgra and it is unfair to require ConAgra to begin the defense of a new case while in the midst of preparing for trial."); DuPont Opp'n at 7 ("DuPont is entitled ... to move into the next phase of preparing for trial without having to worry about what new claims are being added.").

The Court is not persuaded by Proposed Defendants' arguments that they will be prejudiced; although some additional discovery may be necessary, Proposed Defendants have already participated in discovery in the multidistrict litigation and have prepared to litigate similar issues against other plaintiffs. It is true that Plaintiffs' claims in these cases concern primarily indirect state-law claims, however, the factual allegations are substantially the same as all other cases in the MDL. Furthermore, the so-called indirect cases are on a different pretrial schedule than the other direct purchaser claims, thus Proposed Defendants will have additional time to prepare for trial and complete any additional discovery (if needed).

In sum, Proposed Defendants have been on notice of the claims against it by similarly situated plaintiffs and there are clearly common issues of fact. Additionally, their defenses to Plaintiffs' claims will likely be similar to the defenses they have been preparing. Thus, the Court finds that the proceedings to date preclude a finding of prejudice because Proposed Defendants will be able to avail themselves of the coordinated discovery already taken and will be afforded the opportunity to seek additional non-duplicative discovery as necessary. Proposed Defendants have pointed to nothing which indicates that they will be unfairly disadvantaged by the amended complaint not that they will be deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely, thus there is no prejudice. *See Dooley v. United Technologies Corp.*, 152 F.R.D. 419, 425 (D.D.C.1993)

While ConAgra, DuPont, and Nepera make substantially similar arguments in their Oppositions, there are a few arguments made by the individual Proposed Defendants that the Court will briefly address. First, Du-

Pont alleges that Plaintiffs' Motion "is no more than a bad faith effort to coerce settlement funds." DuPont Opp'n at 2. DuPont also argues that "Plaintiffs' claims are not solely indirect and therefore, as they claim, deserving of a separate discovery track against non-stipulating parties or newly added parties." DuPont Opp'n at 2. Neither argument is sufficiently supported to justify denying leave to amend under the liberal standard of Rule 15(a). This MDL consists of many cases, not all of which are on the same schedule. This Court and the attorneys involved in this litigation are fully capable of dealing with both direct and indirect claims in some of the cases although they may follow different pretrial schedules.

▆ Nepera argues that Plaintiffs failed to use due diligence in seeking to add new defendants. Contrary to Nepera's contention, lack of diligence alone does not serve as sufficient justification for denying Plaintiffs' Motion. Although Nepera cites *United States v. Midwest Suspension and Brake* as support for its argument, that court affirmed denial of leave to amend because it found that the non-moving party would have been prejudiced by the lack of due diligence. *United States v. Midwest Suspension and Brake*, 49 F.3d 1197, 1202 (6th Cir.1995). Here, because the Court makes no such finding of prejudice, a lack of due diligence alone will not justify denying leave to amend.

Nepera also argues that the Motion should be denied "in the interest of justice," pointing to an inability "to commit to fair and just settlements ... with other plaintiffs who have diligently brought and pursued their claims." (Nepera Opp'n at 8–9.) Nepera fails, however, to cite any authority to support denying a party leave to bring a meritorious claim because it may upset other settlement negotiations. This argument is unpersuasive.

## CONCLUSION

For the foregoing reasons, the Court will grant Plaintiffs' Motion for Leave to File Third Amended Complaints pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

An appropriate Order will accompany this Memorandum Opinion.