**CITY OF ST. PAUL, a municipal corporation, Plaintiff,**

v.

**HARPER & ROW PUBLISHERS, INC., et al., Defendants.**

**The STATE OF MINNESOTA, Plaintiff,**

v.

**HARPER & ROW PUBLISHERS, INC., et al., Defendants.**

**Nos. 3–68 Civ. 124, 3–68 Civ. 156.**

United States District Court
D. Minnesota,
Third Division.

Oct. 29, 1968.

Roger E. Montgomery, Sp. Asst. Atty. Gen., State of Minnesota, St. Paul, Minn., for plaintiff State of Minn.

Joseph P. Summers, Corporation Counsel, City of St. Paul, St. Paul, Minn., John A. Murray, Maun, Hazel, Green, Hayes, Simon & Aretz, St. Paul, Minn., for plaintiff City of St. Paul.

Donald J. Williamson, Weil, Gotshal & Manges, New York City, for defendants Harper & Row.

John D. French, Lawrence C. Brown, Faegre & Benson, Minneapolis, Minn., for all other defendants.

## ORDER EXTENDING TIME TO PLEAD AND TRANSFERRING CASES

NEVILLE, District Judge.

May 7, 1968, the City of St. Paul, Minnesota, filed with this court a civil antitrust action against 18 book publishers, alleging a conspiracy between them to fix, maintain and stabilize prices of library editions of children's books in violation of the Sherman and Clayton Acts. The City in this action purports to represent a class of "those end users within the State of Minnesota that have purchased children's books" etcetera. Under date of May 8, 1968 the court entered an order as in protracted litigation cases staying all discovery proceedings pending a pretrial conference on June 24, 1968. Meantime, and on June 17, 1968, the State of Minnesota filed a similar action, purporting to represent all public agencies and entities in the State of Minnesota which have purchased such books. Obviously both actions purport to represent to a great extent the same class of purchasers.

At the June 24, 1968 pretrial conference, the court was advised that the defendants had moved or were moving the then newly created Judicial Panel on Multidistrict litigation for a transfer of these cases (together with others pending in various districts in the United States) to one district for all pretrial proceedings pursuant to 28 U.S.C. § 1407. At a subsequent pretrial conference on July 31, 1968 the court stayed all proceedings and entered no orders awaiting action of the Panel. Thus a motion by plaintiff City of St. Paul for the entry of National Pre-Trial Order No. 1 and for an order fixing a date by which defendants must answer plaintiffs' complaints or otherwise plead was not ruled on. Hearing nothing by mid-October from the Panel, plaintiff City pressed its request for a hearing on the above motion. The court set a date of October 25, 1968. Meantime, the court and counsel received copies of the order of Judge Wisdom for the Panel on Multidistrict Litigation filed October 17, 1968, transferring both cases pending in this District to the Northern District of Illinios for pretrial proceedings.

This court is of the opinion that the entry of that order effectively, and quite properly, deprived this court of further jurisdiction in both of these cases unless and until the cases are remanded to this court by order of the Panel for trial or other disposition. *If technically such order did not deprive this court for the time being of further jurisdiction in any event as a matter of comity this court will not attempt to exercise any jurisdiction.* Thus the propriety of maintaining these cases, or either of them as class actions will be determined by the court in the Northern District of Illinois, as will all motions now pending or later brought, including venue motions, motions for summary judgment and clearly all pretrial discovery proceedings. The court does recognize, however, that on the present state of the record in both cases none of the defendants have answered or filed any other pleading and technically are in default. This court therefore will exercise jurisdiction in this one particular. Thus:

It is ordered that the time within which the defendants and each of them may answer, move or otherwise plead to the complaints in both above actions and not be in default, be and the same hereby is extended to and including

December 2, 1968; provided that this order is subject to any countervailing or other action which the judge in charge in the Northern District of Illinois may order.

It is further ordered that except as above all rulings on plaintiffs' motion and on any other matters pending in this court are hereby declined and referred to the judge in charge in the Northern District of Illinois for such action as may be determined to be proper in the premises.

It is further ordered that the clerk of this court transmit forthwith the two above files to the Clerk of District Court for the Northern District of Illinois, attention Honorable Bernard M. Decker.