### In re FOUR SEASONS SECURITIES LAWS LITIGATION.

*Sam Pancotto v. Walston & Co., Inc., et al. N. D. Illinois, Civil Action*
*No. 70C–2343*

### No. 55.
Judicial Panel on Multidistrict Litigation.
Aug. 3, 1973.

Before ALFRED P. MURRAH*, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER*, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

### OPINION AND ORDER

PER CURIAM.

In September of 1970 Pancotto filed an action in the Northern District of Illinois alleging that Walston and its local representative in charge of plaintiff's brokerage account had violated the federal securities laws by purchasing stock of Four Seasons Equity Corporation, Holobeam, Inc. and International Funeral Services without his authorization and by inducing him to purchase additional shares through false statements of material facts. All discovery regarding Pancotto's claims was completed in the latter part of 1971 and the action was set for trial. Shortly before the April 1973 trial date, defendants filed a motion for partial summary judgment seeking dismissal of Pancotto's claims relating to transactions in Four Seasons securities on the ground that Pancotto is barred by the terms of a final class action judgment entered in the transferee court in the Four Seasons Securities Law Litigation from proceeding on those claims. Before a decision by the Illinois court on defendants' summary judgment motion, defendants moved the Panel for an order transferring the *Pancotto* action to the Western District of Oklahoma for coordinated or consolidat-

---

* Judge Murrah took no part in the consideration or decision of this matter. Although Judge Becker was unable to at- tend the hearing, he has, with the consent of all parties, participated in this decision.

ed pretrial proceedings with the actions previously transferred to that district by the Panel.[1] We find that the purposes of Section 1407 would not be furthered by transfer of this action and, accordingly, we deny the motion.

At the Panel hearing defendants conceded that all discovery relevant to all claims asserted by plaintiff had been completed. With respect to plaintiff's claims relating to transactions in Four Seasons securities, however, defendants asserted that Pancotto was a member of a class designated by the transferee court which settled its claims against Walston; that he failed to opt-out of the class; and that, as a result, he is bound by the final judgment entered in the transferee court. Indeed, the sole reason urged in support of transfer was defendants' contention that the transferee judge should decide the question of whether Pancotto's claims concerning Four Seasons securities are barred by the final judgment.

■■ But that question was raised by defendants' summary judgment motion, which the Illinois court ruled upon subsequent to the Panel hearing on defendants' motion to transfer the *Pancotto* action to Oklahoma.[2] The court found that Pancotto's claims relating to transactions in Four Seasons securities involve two separate and distinct causes of action and that these causes of action are affected in different ways by the final judgment entered in the transferee court. In particular, the court found that the first cause of action concerns

defendants' purchase of Four Seasons stock without plaintiff's authorization and that Pancotto is not precluded by the final judgment from proceeding on those claims. Furthermore, the court found that the second cause of action involves the additional purchases of Four Seasons stock by Pancotto in alleged reliance upon defendants' fraudulent statements of material facts; that those claims are within the scope of the final class action judgment; and that Pancotto is barred from prosecuting those claims if he received timely notice pursuant to Rule 23. But the court also found that a genuine issue of fact exists as to whether Pancotto had received notice and, accordingly, denied the motion for summary judgment.

The remaining question of whether Pancotto received timely notice will ultimately be resolved by the trier of fact. And, inasmuch as all pretrial proceedings are now complete, the action is ready for trial. Thus, we can find no basis under Section 1407 for ordering this action transferred to the Western District of Oklahoma for coordinated or consolidated pretrial proceedings.

Our prior decisions in this litigation transferring actions with claims similar to those asserted in *Pancotto* to the Western District of Oklahoma are distinguishable.[3] Like *Pancotto*, those actions raised questions concerning the effect of the final class action judgment entered in the transferee court upon plaintiff's claims involving transactions in Four Seasons securities. But each of

1. In re Four Seasons Securities Laws Litigation, 328 F.Supp. 221 (Jud.Pan. Mult.Lit.1971); 331 F.Supp. 559 (Jud. Pan.Mult.Lit.1971); 344 F.Supp. 1404 (Jud.Pan.Mult.Lit.1972); 352 F.Supp. 962 (Jud.Pan.Mult.Lit.1972); 352 F. Supp. 964 (Jud.Pan.Mult.Lit.1973); 355 F.Supp. 1405 (Jud.Pan.Mult.Lit.1973); 361 F.Supp. 636 (Jud.Pan.Mult.Lit., filed July 17, 1973).

2. The mere pendency of a motion before the Panel does not affect or suspend or-

ders and discovery proceedings in the transferor district court and does not in any way limit the jurisdiction of the transferor court to rule upon matters properly presented to it for decision.

3. *See, e. g.,* In re Four Seasons Securities Laws Litigation, 352 F.Supp. 962 (Jud.Pan.Mult.Lit.1972); 352 F.Supp. 964 (Jud.Pan.Mult.Lit.1973); 355 F. Supp. 1405 (Jud.Pan.Mult.Lit.1973).

the Panel's decisions to transfer those actions to Oklahoma was based on the premise that discovery was not complete and that if plaintiff's claims were determined to be unaffected by the final judgment approving the class action settlement, the unfinished discovery would be duplicative of that pursued by plaintiffs who opted-out of the class and were actively prosecuting their claims in the transferee district. Discovery in *Pancotto*, however, is complete and trial of the action is imminent.

It is therefore ordered that the motion for transfer of the action entitled Sam Pancotto v. Walston & Co., Inc., et al., N.D. Illinois, Civil Action No. 70C-2343, be, and the same hereby is, denied.