GENERAL ELECTRIC COMPANY, a corporation, Petitioner,

v.

Hon. William Matthew BYRNE, Jr., United States District Judge for the Central District of California, Respondent.

Nos. 79–2144 to 79–2148.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 22, 1979.

Decided Oct. 31, 1979.

---

Michael J. Merlo and Joseph B. Lederleitner, Pretzel, Stouffe, Nolan & Rooney, Chartered, Chicago, Ill., for petitioner, General Elec. Co.

Norman J. Barry, Joseph P. Della Maria, Jr., Roger J. Guerin, Rothschild, Barry & Myers, Chicago, Ill., John J. Quinn, Ellen B. Friedman, Laurence J. Hutt, Los Angeles, Cal., for petitioner, McDonnell Douglas Corp.

Thomas D. Allen, Robert E. Haley, Chicago, Ill., for petitioner, American Airlines.

Peter P. Brotzen, Los Angeles, Cal., for defendant, General Dynamics Corp.

Wallace E. Maloney, Lord, Bissell & Brook, Chicago, Ill., for defendant, Rockford Aerospace Products Inc.

Robert E. Cartwright, Michael B. Moor, San Francisco, Cal., for respondents, plaintiffs Entner, Lokietz & Barich.

Before FAIRCHILD, Chief Judge, SPRECHER and TONE, Circuit Judges.

PER CURIAM.

This matter comes before the court on five related petitions for writs under 28 U.S.C. § 1651.[1] We have consolidated these petitions for the purpose of this opinion.

In *In re Air Crash Disaster Near Chicago, Illinois on May 25, 1979*, 476 F.Supp. 445 (Jud.Pan.Mult.Lit.1979), the Judicial Panel on Multidistrict Litigation ordered pretrial proceedings arising out of the air crash disaster transferred to the Northern District of Illinois, pursuant to 28 U.S.C. § 1407. Each of the five actions underlying these petitions is a so-called "tag-along action."[2]

The facts in each case are similar and simply stated. Each action was filed in the state courts in California and each was subsequently removed to federal district court. The Multidistrict Panel then considered transferring these cases to the Northern District of Illinois as tag-along actions. In four of the five cases, conditional transfer orders were entered by the Panel, conditionally transferring the cases to the Northern District of Illinois. Each such order concludes with the following language, in accord with the provisions of Rule 9 of Rules of Procedure of the Judicial Panel on Multidistrict Litigation (1978):

"This order does not become effective until it is filed in the office of the Clerk for the United States District Court for the Northern District of Illinois. The transmittal of this order to said Clerk for filing shall be stayed fifteen days from the entry thereof and if any party files a Notice of Opposition with the Clerk of the Panel within this fifteen

---

1. By order entered October 26, 1979, American Airlines, Inc. was granted leave to join in nos. 79–2144, 79–2146, 79–2147 and 79–2148.

2. Rule 1 of Rules of Procedure of the Judicial Panel on Multidistrict Litigation (1978) provides in relevant part: "A 'tag-along action' refers to a civil action involving common questions of fact with actions previously transferred under Section 1407."

day period, the stay will be continued until further order of the Panel."

In each of these four cases, oppositions to transfer were in fact filed, so as to stay the effect of the transfer until further order of the Panel. In the fifth case, no conditional transfer order has been found, but conceptually, the fifth case is in an identical position with the other cases: the Panel is considering transferring each case, but no transfer order has ever gone into effect in any of the five cases.

In each of the five cases Judge William Matthew Byrne, Jr., of the Central District of California, entered orders remanding these cases to the state courts, finding an absence of diversity jurisdiction, and finding that the actions do not arise under federal law. In an attempt to prevent these actions from being remanded to state court, the petitioners have filed these five mandamus petitions in this court, and have filed five similar petitions in the Ninth Circuit (Ninth Circuit Docket Nos. 79–7521, 79–7522, 79–7523, 79–7524, 79–7525).

■ We are aware of no statute or decision which would authorize us to issue a writ of mandamus directed to a district judge sitting in another circuit.[3] The Courts of Appeals have construed their mandamus jurisdiction to extend to cases within their actual or potential appellate jurisdiction. *Application of President & Directors of Georgetown College, Inc.*, 118 U.S.App.D.C. 80, 331 F.2d 1000 (D.C. Cir.), *rehearing en banc denied*, 118 U.S.App.D.C. 90, 331 F.2d 1010, *cert. denied*, 377 U.S. 978,

84 S.Ct. 1883, 12 L.Ed.2d 746 (1964); *United States v. Helstoski*, 576 F.2d 511 (3d Cir. 1978). The Fourth Circuit has used language even more directly suggestive of the proper resolution of these petitions when it held, "The All Writs Statute authorizes this Court to issue writs of mandamus to district courts in the circuit." *In re Virginia Electric & Power Co.*, 539 F.2d 357 (4th Cir. 1976).[4]

The petitioners' argument, essentially, is that these cases do fall within our potential appellate jurisdiction in that *if* they had been transferred to the Northern District of Illinois, this court would have had jurisdiction to review proceedings taking place in the district court by extraordinary writ under the terms of 28 U.S.C. § 1407(e). In our view, this argument stretches the meaning of the phrase "potential appellate jurisdiction" beyond the breaking point. The fact of the matter is that none of these cases ever were transferred to the Northern District of Illinois, and we have found no support for the proposition that a possible future transfer of a case to a district court within this circuit confers mandamus jurisdiction on this court to issue writs directed to judges in other circuits.

■ It is true, of course, that if the Multidistrict Panel had transferred these cases prior to the entry of the remand order by Judge Byrne, the transferee court would have had jurisdiction to consider the motion for remand after transfer. *In re Professional Hockey Antitrust Litigation*, 369 F.Supp. 1117, 1118 (Jud.Pan.Mult.Lit.1974); *In re Franklin National Bank Securities*

---

3. There is, of course, a serious question whether the petitioners are entitled to mandamus relief in any court, in light of the fact that decisions to remand cases to state courts are not "reviewable by appeal or otherwise" under the terms of 28 U.S.C. § 1447(d). In *Gravitt v. Southwestern Bell Telephone Co.*, 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977), the Supreme Court held, in effect, that the statute means exactly what it says, and that mandamus relief is not available with respect to remand orders under 28 U.S.C. § 1447(c). A very limited exception to this rule was carved out in *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), but that exception does not appear to be applicable here since the reasons given by the district

court for remanding the cases to state court are facially proper under 28 U.S.C. § 1447(c). In any event, we do not reach this question in light of the more fundamental bar to our jurisdiction discussed in the text.

4. *See Purex Corp. v. St. Louis National Stockyards Co.*, 374 F.2d 998, 1000 (7th Cir.), *cert. denied*, 389 U.S. 824, 88 S.Ct. 59, 19 L.Ed.2d 77 (1967) (Court of Appeals in one circuit would have no power to issue writ of mandamus directed to district court in another circuit); *Cf. Preston Corp. v. Raese*, 335 F.2d 827, 828 (4th Cir. 1964) (appeal of ruling of district court outside circuit dismissed for lack of appellate jurisdiction).

*Litigation,* 393 F.Supp. 1093, 1095 (Jud.Pan. Mult.Lit.1975). It is also true that the entry of the transfer order deprives the transferor court of jurisdiction until the case is returned to it, so that any action taken by the transferor court after transfer would be ineffective. *City of St. Paul v. Harper & Row Publishers, Inc.,* 292 F.Supp. 837 (D.Minn.1968); *In re Aircrash Near Duarte,* 357 F.Supp. 1013, 1015 (C.D.Cal.1973). In these cases, however, no transfer order ever took effect. The mere pendency of a motion to transfer before the Multidistrict Panel does not affect or suspend the jurisdiction of the transferor court, or limit its ability to act on matters properly before it. *In re Four Seasons Securities Laws Litigation,* 362 F.Supp. 574 (Jud.Pan.Mult.Lit. 1973); Rule 16 of Rules of Procedure of the Judicial Panel on Multidistrict Litigation (1978). Therefore, it appears that Judge Byrne had jurisdiction to act in these cases.

In the present posture of these cases, any mandamus jurisdiction in relation thereto appears to exist solely in the United States Court of Appeals for the Ninth Circuit. On consideration whereof,

IT IS ORDERED that the petitions are hereby DENIED.