**UNITED STATES ex rel.,
COSENS, Plaintiffs,**

v.

**ST. FRANCIS HOSPITAL, Defendant.**

**No. 02–CV–2324 (ADS)(ETB).**

United States District Court,
E.D. New York.

Nov. 29, 2002.

Roslynn R. Mauskopf, United States Attorney, Brooklyn, NY by Assistant United States Attorney Kiyo A. Matsumoto, Robert D. McCallum, Jr., Assistant Attorney General, Washington, DC by Michael F. Hertz and David T. Cohen, for United States.

Donald R. Warren, Esq., San Diego, CA, for Relator.

Ober, Kaler, Grimes & Shriver, P.C., Baltimore, MD by Leonard C. Homer, Esq., Ray M. Shepard, Esq. and Kelly J. Davidson, Esq., Of Counsel, Iseman, Cunningham, Riester & Hyde, Melville, NY by Robert Iseman, Esq., Of Counsel, for Defendant.

### ORDER

SPATT, District Judge.

This action involves allegations that the defendant St. Francis Hospital ("St.Francis") billed Medicare for experimental cardiac device procedures despite knowing that Medicare did not cover them, in violation of the False Claims Act, 31 U.S.C. § 3729 *et seq.* Presently before the Court

is the motion by St. Francis for reconsideration of the order directing that certain contents of the Court's file in this case remain under seal; instructing St. Francis not to file any motions until it has been served with a complaint; and directing the government to serve and file its complaint by December 16, 2002.

## I.  BACKGROUND

In 1994, Kevin Cosens filed a *qui tam* action in the Western District of Washington against 132 hospitals around the country alleging that they billed Medicare for experimental cardiac device procedures in violation of the False Claims Act. In April 2002, the action against St. Francis was severed and transferred to this Court. On August 21, 2002, the government filed a notice of election to intervene in the instant action.  In its notice, the government stated that it was in the process of filing its intervention decisions for all of the remaining defendants and that once this was completed, it intends to apply to the Judicial Panel on Multidistrict Litigation (the "MDL Panel") to have all of these cases consolidated for pre-trial proceedings pursuant to 28 U.S.C. § 1407.

As part of its notice, the government requested that the contents of the Court's file—the documents forwarded from the Western District of Washington—remain under seal.  The reason for that request was that these documents identify a number of defendants who have not been transferred to this district and whose identity remains under seal and that the government intends to file a revised complaint and serve it on St. Francis within 120 days.  Also, the government requested an order directing St. Francis not to file any motions until after it is served with a complaint.  The reason for that request was that any motion that St. Francis may file before it is served with a complaint

would be premature and inappropriate given the government's intention to apply for consolidation before the MDL Panel.

On August 21, 2002, the Court issued an order directing that: (1) all current contents of the Court's file remain under seal except for this order and the notice of election to intervene; (2) the seal is lifted on all matters occurring after this order; (3) the government must serve St. Francis with a complaint by December 16, 2002; and (4) St. Francis was directed not to file any motions in this case until it is served with a complaint.  On August 27, 2002, the Clerk of the Court entered this order.  On September 11, 2002, St. Francis filed a motion for reconsideration seeking to unseal the Court's file immediately; permit the filing of any motion that it deems appropriate or in the alternative direct the government to serve the complaint within 10 days.  The government opposed the motion in its entirety.  Recently, the government withdrew its opposition to unseal the records because of a decision by the Honorable Robert S. Lasnik of the Western District of Washington that unsealed virtually all of the same documents in a related action.

Because the government no longer opposes the unsealing of the Court's file, the Court grants St. Francis' unsealing request.  The Court now turns to the remaining issues: (1) whether St. Francis may file motions before service of a complaint; and (2) whether the government must serve a complaint before December 16, 2002.

## II.  DISCUSSION

### A.  The Standard

■ Motions for reconsideration are governed by Rule 6.3 of the Local Civil Rules of the United States District Courts

for the Southern and Eastern Districts of New York. Rule 6.3 provides:

> A notice of motion for reconsideration ... shall be served within ten (10) days after the docketing of the court's determination of the original motion. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked.... No oral argument shall be heard unless the court directs that the matter shall be reargued orally.

Local Civ. R. 6.3. On September 11, 2002, St. Francis filed a timely motion for reconsideration. *See* Fed.R.Civ.P. 6(a) (excluding the day of the act which designated the period of time to begin and intermediate weekends and legal holidays when the prescribed period is less than eleven days). Also, the Court notes that it was proper for the government to file its notice of intervention *ex parte*. Local Civil Rule 6.1(d) expressly authorizes *ex parte* applications when, as here, they are authorized by law. *See* Local Civ. R. 6.1(d) (stating that an *ex parte* application is not allowed "[u]nless otherwise provided by statute ...."). In this case, False Claims Act *qui tam* cases must be filed *ex parte* and under seal until the Court lifts the seal. *See* 31 U.S.C. § 3730(b)(2).

## B. The Prohibition on the Filing of Motions

St. Francis argues that the Court should not prevent it from filing motions based upon the government's assertion that it intends to file a request that this case be consolidated in multidistrict litigation. In response, the government argues that: (1) the motions that St. Francis wants to file are substantively premature; (2) any motions that St. Francis files in this case are likely to cover the same issues and request the same relief that other motions have or will in other related cases; (3) permitting

St. Francis to file motions now will disrupt the orderly progress of this litigation; (4) Judge Lasnik's prior decisions denying St. Francis' motion to dismiss as premature and prohibiting motion practice are entitled to deference as the "law of the case"; and (5) the order of this Court is consistent with all of the orders issued by other courts presiding over the related cases. The Court finds that these arguments are unpersuasive.

■ First, neither the Federal Rules of Civil Procedure nor the Rules of Procedure of the MDL Panel support the government's position. Rule 1.5 of the MDL Panel provides in relevant part:

> The pendency of a motion, ... before the Panel ... does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court. A transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective when the transfer or remand order is filed in the office of the clerk of the district court of the transferee district.

MDL Panel R. 1.5. Although the government has filed a motion before the MDL Panel to have all of the related cases consolidated for pre-trial proceedings, this does not prevent St. Francis from filing motions in this case. *See id.* Also, case law does not support the government's position. *See In re Four Seasons Secs. Laws Litig.,* 362 F.Supp. 574, 575 n. 2 (Jud.Pan.Mult.Lit.1973) ("The mere pendency of a motion before the Panel does not affect or suspend orders and discovery proceedings in transferor district court and does not in any way limit the jurisdiction of transferor court to rule upon matters properly presented to it for decision.").

The Court finds that the government's arguments are without merit. The first argument, that the motions that St. Francis wants to file are substantively premature, is too broad an assertion because it covers motions that may not be premature, such as one to preserve testimony before service of the complaint under Rule 27 of the Federal Rules of Civil Procedure. The second argument, that any motion will likely cover the same issues or seek the same relief as others have or will, is merely speculation. The third argument, that the filing of motions now will disrupt the orderly progress of this litigation, is also unpersuasive. In that regard, the government argues that forcing it to respond to an "avalanche" of premature motions filed around the country while it drafts over forty complaints can only delay the process. The government cites no case to support its position and the Court finds this contention insufficient to prevent St. Francis from presently filing motions in this case.

As to the fourth argument, that Judge Lasnik's prior decisions denying St. Francis' motion to dismiss as premature and prohibiting motion practice are entitled to deference as "the law of the case", the Court notes that Judge Lasnik recently vacated his order prohibiting motion practice. The fifth argument, that other courts presiding over related cases have prohibited motion practice until service of the complaint, is also unpersuasive. In that regard, St. Francis shows that certain courts have held or directed hearings to address these "canned *ex parte* orders" that were filed. Also, the Court is aware of at least one court that has permitted a defendant in a related action to file a motion before service of the complaint. *See United States ex rel. Cosens v. Yale–New Haven Hosp.*, 233 F.Supp.2d 319, 326 (D.Conn. 2002). Based upon the foregoing, the Court grants the motion for reconsideration to the extent that it vacates its order prohibiting motion practice in this case.

## C. The Time–Period to File and Serve the Complaint

The Court finds that the 120 day extension of time given to the government to serve and file its complaint in this action is reasonable. It comports with Rule 4(m) of the Federal Rules of Civil Procedure which requires a plaintiff to serve a complaint within 120 days after it is filed. Fed.R.Civ.P. 4(m). It is also reasonable considering that the government must draft more than forty complaints in related cases. As such, St. Francis' motion to reconsider the 120 day extension given to the government to serve and file its complaint is denied.

### III. CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED,** that the motion for reconsideration is granted to the extent that St. Francis is permitted to file any proper motions in compliance with the individual rules of the Court and denied to the extent that it challenges the government's extension of time until December 16, 2002 to serve and file a complaint; and it is further

**ORDERED,** that the Clerk of the Court is directed to unseal the entire file in this case.

**SO ORDERED.**